JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Gayle Powell appeals the trial court's granting summary judgment in favor of appellee Liberty Mutual Fire Insurance Company(Liberty). Powell assigns the following error for our review:
 {¶ 2} "I. The trial court erred, as a matter of law, by granting summary judgment against plaintiff-appellant since appellant was occupying a covered auto as required by Liberty Mutual uninsured motorists policy."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 4} On February 24, 2001, Powell, an employee of the Plain Dealer Publishing Company, while on a personal errand and in her personal vehicle, traveled to Bi-Rite Supermarket in Cleveland, Ohio. As Powell stood behind her car loading groceries into the trunk, she was struck by a car owned and operated by Brandy Owens. The impact pinned Powell's right knee between the bumpers of the two vehicles, causing her knee to shatter.
 {¶ 5} The driver of the other car was uninsured. Powell had a personal automobile liability policy issued by State Farm Insurance Company, which included $25,000 in uninsured motorists coverage. State Farm paid $25,000 to Powell, but she maintained the amount was insufficient to compensate her for the injuries she sustained. Consequently, Powell filed suit against Liberty arguing as an employee of the Plain Dealer, she was entitled to additional uninsured motorist compensation under the Plain Dealer's policy.
 {¶ 6} Cross motions for summary judgment were filed to determine whether Powell was covered under the Plain Dealer's insurance policies and, therefore, entitled to uninsured motorist coverage. The trial court granted summary judgment in favor of Liberty and Powell appeals.
 {¶ 7} The recent opinion by the Ohio Supreme Court in WestfieldIns. Co. v. Galatis resolves this appeal in favor of the insurance company.[1] In Galatis, the Court held: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."[2]
 {¶ 8} Under the facts of this case, the named insured under the policy was a corporation, the Plain Dealer. Since Powell's loss did not occur within the course and scope of her employment, Powell is not entitled to uninsured or underinsured coverage under the policy. The assigned error lacks merit.
 {¶ 9} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, J., and Anthony O. Calabrese, JR., J., concur.
[1] 100 Ohio St.3d 216, 2003-Ohio-5849.
[2] Id. at paragraph two of the syllabus.